# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PUBLIC EMPLOYEES FOR ENVIRONMENTAL RESPONSIBILITY 962 Wayne Ave., Suite 610 Silver Spring, MD 20910 *Plaintiff*, v. UNITED STATES FISH AND WILDLIFE SERVICE, 1849 C Street, NW Washington, DC 20240 *Defendant*. | Civil Action No. 17-1777 **COMPLAINT** |

## PRELIMINARY STATEMENT

1. Plaintiff Public Employees for Environmental Responsibility ("PEER" or "Plaintiff") brings this action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 *et seq.*, as amended, against Defendant United States Fish and Wildlife Service ("FWS" or "Defendant"), a division of the United States Department of Interior ("DOI") to compel the FWS to disclose records wrongfully withheld when it failed to respond within the statutory deadline to Plaintiff's FOIA request.

2. Plaintiff is a non-profit organization dedicated to research and public education concerning the activities and operation of federal, state, and local governments.

3. On March 13 2017, PEER filed a FOIA request with Defendant seeking information relating to the translocation of the Louisiana black bears to the Three Rivers Complex ("TRC") area of Louisiana.

4. Specifically, this FOIA request sought information related to environmental impact statements or assessments concerning the translocation of the Louisiana black bear; documents reporting or discussing consultations required under the Endangered Species Act ("ESA"); and any other documents that discussed or evaluated the environmental, biological, economic, or other effects of the Louisiana black bear translocation.

5. The FOIA requires federal agencies to respond to public requests for records, including files maintained electronically, to increase public understanding of the workings of government and provide access to government information. The FOIA reflects a "profound national commitment to ensuring an open Government" and agencies must "adopt a presumption in favor of disclosure." Presidential Mem., 74 Fed. Reg. 4,683 (Jan. 21, 2009).

6. The FOIA requires the agency to determine within 20 working days after receipt of a FOIA request whether to comply with the request. 5 U.S.C. § 552(a)(6)(A)(i). The agency may extend this time period only in "unusual circumstances" and then only for a maximum of ten additional working days. 5. U.S.C. § 552(a)(6)(B)(i).

7. To date, Defendant has failed to produce any records and failed to make a determination in response to Plaintiff's FOIA request No. FWS-2017-00560.

8. Defendant's conduct amounts to a denial of Plaintiff's FOIA request. Plaintiff is seeking to educate the public about the nature and impact of the relocation of the Louisiana black bear by the FWS, and Defendant is frustrating that purpose.

9. Plaintiff constructively exhausted its administrative remedies under 5 U.S.C. § 552(a)(6)(C)(i) and now seeks an order from the Court requiring Defendant to

immediately produce the records sought in Plaintiff's FOIA request, as well as other appropriate relief, including attorney's fees and costs.

## JURISDICTION AND VENUE

10. This Court has jurisdiction over this action under 5 U.S.C. § 552(a)(4)(B). This Court also has jurisdiction over this action pursuant to 28 U.S.C. § 1331.

11. This Court is a proper venue because Defendant is a government agency that resides in the District of Columbia. *See* 28 U.S.C. § 1391(e)(1)(A) (where defendant is the government or a government agent, a civil action may be brought in the district where the defendant resides). Venue is also proper under 5 U.S.C. § 552(a)(4)(B) (providing for venue in FOIA cases where the plaintiff resides, or in the District of Columbia).

12. This Court has the authority to grant declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq*.

13. This Court has the authority to award costs and attorneys' fees under 5 U.S.C. § 552(a)(4)(E).

## PARTIES

14. Plaintiff, PEER, is a non-profit public interest organization incorporated in Washington, D.C. and headquartered in Silver Spring, Maryland, with field offices in California, Colorado, Florida, Massachusetts, and Tennessee.

15. Among other public interest projects, PEER engages in advocacy, research, education, and litigation to promote public understanding and debate concerning key and current public policy issues. PEER focuses on the environment, including the regulation and remediation of toxic substances, public land and natural resource management, public funding of environmental and natural resource agencies, and ethics in government.

PEER educates and informs the public through news releases to the media, through its website, www.peer.org, and through publication of the PEER newsletter.

16. Defendant, FWS, is an agency of the United States as defined by 5 U.S.C. § 552(f)(1) and a division of the DOI.

17. Defendant is charged with the duty to provide public access to records in its possession consistent with the requirement of the FOIA. Here, Defendant is denying the Plaintiff access to its records in contravention of federal law.

## STATEMENT OF FACTS

1. On March 11, 2016, the FWS promulgated a final rule, removing the Louisiana black bear (*Ursus americanus luteolus*) from the Lists of Threatened and Endangered Wildlife, as well as declassifying the bear's habitat as critical, protected habitat. *See* 81 Fed. Reg. 13,124. Under the ESA, to reach this determination, the FWS had to show that the bear had sufficiently recovered to the point where its populations were once again viable. A key component of the recovery plan was to connect two subpopulations of the Louisiana black bear by translocating bears from the Tensas River Basin ("TRB") to the TRC.

2. On March 13, 2017, PEER filed a FOIA request with the FWS, requesting information regarding the scientific and environmental impacts of the translocation relied upon in the delisting. Specifically, PEER sought any environmental impacts statements and/or environmental assessments, as defined in the National Environmental Policy Act of 1969, that were related to the translocation of the Louisiana black bears from the TRB to the TRC; documents reporting or discussing consultations required under section 7 of the ESA in relation to the translocation; and any other assessments, studies, reports, etc.

that were completed prior to or during translocation, which discussed or evaluated the environmental, biological, economic, and/or other effects of the translocation.

3. On March 16, 2017, Defendant sent an email acknowledging receipt of Plaintiff's FOIA request on March 14, 2017. Defendant assigned the request No. FWS-2017-00560.

4. Defendant stated that response to this request was due by April 10, 2017.

5. On August 17, 2017, Plaintiff requested an updated production date from Defendant regarding the FOIA request via email to Tiffany McClurkin. Plaintiff also followed up on August 22, 2017 via phone with Carrie Hyde-Michaels. Ms. Michaels instructed that the Region Four FOIA coordinator would contact PEER with a status update regarding the Request. On August 25, 2017, Plaintiff called Ms. McClurkin to check on the status of the request; she stated that the request was with a field office and that she would email an update after she spoke with that office. After multiple attempts to determine the status of request No. FWS-2017-00560, Plaintiff has yet to receive any information regarding the status of the request or the expected production date.

6. Pursuant to 5 U.S.C. § 552(a)(6)(A), Defendant had twenty working days from the date of the receipt to respond, or to assert the need for an extension. *See also* 43 C.F.R. § 2.19. The statutory production deadline has passed.

7. As of this August 31, 2017 filing, Plaintiff has not received any records responsive to its FOIA request nor any determination from Defendant.

8. Administrative remedies are constructively exhausted when an agency fails to comply with the applicable time limits. 5 U.S.C. § 552(a)(6)(C)(i). Having fully exhausted its administrative remedies for its March 13, 2017 FOIA request, Plaintiff now turns to this

Court to enforce the FOIA's guarantee of public access to agency records, along with the remedies available when an agency withholds that access.

## CAUSE OF ACTION

9. Plaintiff incorporates the allegations of the preceding paragraphs.

10. Defendant's failure to disclose the records requested under Request No. FWS-2017-00560 within the time limits mandated by statute is a constructive denial and wrongful withholding of records in violation of the FOIA, 5 U.S.C. § 552, and the Department of the Interior's regulations promulgated thereunder, 43 C.F.R. § 2.1 *et seq*.

## RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests that this Court:

i. Enter an order declaring that Defendant wrongfully withheld requested agency records;

ii. Issue a permanent injunction directing the Defendant disclose to Plaintiff all wrongfully withheld records;

iii. Maintain jurisdiction over this action until Defendant is in compliance with the FOIA, the Administrative Procedure Act, and every other order of the court;

iv. Award Plaintiff attorney fees and costs pursuant to 5 U.S.C. § 552(a)(4)(E); and

v. Grant such additional and further relief to which Plaintiff may be entitled.

Respectfully submitted on August 31, 2017,

\_\_/s/\_\_Paula Dinerstein_____
Paula Dinerstein, DC Bar # 333971
Public Employees for Environmental Responsibility
962 Wayne Avenue, Suite 610
Silver Spring, MD 20910
(202) 265-7337

*Attorney for Plaintiff*